IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED BY _____ D.C.

MAY 01 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

**JASMA SIMMONS,**
Plaintiff,

v.

**SOMERSET ACADEMY CANYONS, INC., LISA KLEIN, and GEORGE GROEZINGER,**
Defendants.

### COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND DAMAGES
*(42 U.S.C. § 1983, Section 504 of the Rehabilitation Act, and State Defamation Law)*

## I. JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983, Section 504 of the Rehabilitation Act of 1973, and state tort law to remedy violations of Plaintiff's civil rights, including retaliation for exercising protected rights under federal disability law and the First and Fourteenth Amendments, and to seek relief for defamation.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), and supplemental jurisdiction under 28 U.S.C. § 1367 for related state law claims.

3. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b), as all events giving rise to this action occurred in Palm Beach County, Florida.

4. At all relevant times, Plaintiff was a resident of Palm Beach County, Florida.

5. Defendant Somerset Academy Canyons, Inc. is a public charter school operating in Boynton Beach, Florida, and is subject to federal civil rights and education laws.

6. Defendant Lisa Klein is employed as an Assistant Principal and is sued in her individual capacity under color of state law.

7. Defendant George Groezinger is employed as Principal and is sued in his individual capacity under color of state law.

## II. STATEMENT OF FACTS

### A. PRIOR DISCLOSURES AND SCHOOL KNOWLEDGE

At the start of the 2024–2025 school year, Plaintiff and her children transitioned from Texas to Florida, requiring her sons to adjust to a new academic environment and curriculum. This transition was challenging, particularly for her 7th grade son, whose grades fell as low as 25 in multiple subjects. Despite these academic struggles and after the presence of a legally binding 504 Plan, Plaintiff found that teachers were consistently unresponsive to her concerns and failed to follow through on implementing accommodations. This was especially frustrating given the severity of her son's academic decline and the school's full knowledge of his background. Despite repeated outreach and documentation of her son's trauma history and disabilities, administrators failed to intervene or hold educators accountable for their noncompliance, compounding the family's distress and the child's educational hardship.

Throughout the 2024–2025 school year, Plaintiff Jasma Simmons encountered ongoing issues with Somerset Academy Canyons related to both of her sons' education and treatment. Despite a documented 504 Plan, Plaintiff's 7th grade son continued to fail multiple courses. Teachers repeatedly failed to provide the accommodations outlined in his 504 Plan. Plaintiff raised these concerns with school leadership, yet no corrective action was taken. Defendant Lisa Klein and Defendant George Groezinger were both made aware of these ongoing failures, yet neither held staff accountable or enforced the accommodations. Plaintiff engaged in continuous advocacy, requesting meetings, communicating with counselors and administrators, and supplying medical documentation. Despite her efforts, the school failed to ensure compliance with federal disability laws, exacerbating her child's academic and emotional struggles.

Plaintiff, Jasma Simmons, informed Somerset Academy Canyons administrators early in the school year about her son's extensive trauma history, including prior placement in the Texas foster care system, his diagnosis of ADHD, binge eating disorder, and repeated suicidal ideation dating back to age six. These disclosures were made during documented school meetings, emails, and conferences with staff. Plaintiff was transparent about her child's

medical and psychological needs and frequently informed school personnel about doctor referrals, therapy plans, and behavioral strategies. At no point prior to the Manifestation Determination Review did the school raise any concern of abuse or neglect, despite having detailed knowledge of the child's challenges. The sudden filing of a DCF report only after the parents successfully participated in the MDR process strongly suggests retaliation rather than genuine concern. The school had every opportunity to make such a report if they believed abuse existed but chose not to do so until their authority was challenged.

## B. MANIFESTATION DETERMINATION REVIEW AND ADMINISTRATIVE MISCONDUCT

8. Plaintiff is the parent of a minor child with documented disabilities, including ADHD, a binge eating disorder, and trauma-related emotional challenges from prior foster care.
9. Plaintiff actively advocated for her son's disability accommodations and academic rights under Section 504. Plaintiff's 9th grade son was repeatedly placed in both out-of-school suspension (OSS) and in-school suspension (ISS) for incidents related to his compulsive search for food, including rummaging through classmates' belongings, teacher offices, and unauthorized areas such as storage rooms. These behaviors were directly tied to his diagnosed binge eating disorder. Prior to the final incident that triggered the DCF report, Plaintiff had twice requested that her son be allowed to remain in ISS for the remainder of the school year to help him complete his coursework in a more structured and less stimulating environment. Both requests were denied by school administration.
10. Defendant Lisa Klein, in her role as Assistant Principal, failed to ensure implementation of 504 accommodations, and was later removed from a Manifestation Determination Review (MDR) for violating procedural safeguards. MDR meetings are protected under federal disability regulations and are intended to be conducted by a team of individuals knowledgeable about the student, the meaning of the evaluation data, and placement options. Administrative personnel not directly involved with the student's education are not permitted to influence the determination.
11. Defendant George Groezinger, in his role as Principal, was also removed from the MDR meeting for similar reasons—he was not an authorized participant under MDR procedural rules, and his continued involvement risked compromising the integrity and neutrality of the

process. George stated, despite having limited education on mental health issues and not being allowed to participate, stated that plaintiffs son should receive "the harshest penalty" completely disregarding those that specialize in the matter affirming he should not.

12. During the MDR, the school's psychologist, counselor, and one of his teachers concluded the behavior was a manifestation of his disability.

### C. RETALIATORY REPORT TO DCF AND RESULTING HARM

8. Plaintiff is the parent of a minor child with documented disabilities, including ADHD, a binge eating disorder, and trauma-related emotional challenges from prior foster care.
9. Plaintiff actively advocated for her son's disability accommodations and academic rights under Section 504.
10. Defendant Lisa Klein, in her role as Assistant Principal, failed to ensure implementation of 504 accommodations, and was later removed from a Manifestation Determination Review (MDR) for violating procedural safeguards. MDR meetings are protected under federal disability regulations and are intended to be conducted by a team of individuals knowledgeable about the student, the meaning of the evaluation data, and placement options. Administrative personnel not directly involved with the student's education are not permitted to influence the determination.
11. Defendant George Groezinger, in his role as Principal, was also removed from the MDR meeting for similar reasons—he was not an authorized participant under MDR procedural rules, and his continued involvement risked compromising the integrity and neutrality of the process.
12. During the MDR, the school's psychologist, counselor, and one of his teachers concluded the behavior was a manifestation of his disability.
13. Immediately after being removed from the meeting, Lisa Klein reportedly stated, "I think I need to call," referring to the Department of Children and Families (DCF). George Groezinger allegedly responded, "Do what you need to do," directly endorsing the retaliatory act.
14. Two days later, a report was filed with DCF containing specific, private medical and family information that could only have come from school records.
15. The DCF report accused Plaintiff of allowing physical abuse, forcing her child to wear long sleeves to hide bruises, exposing him to cannabis, and denying him medication and/or giving

him the wrong medication against doctor's orders—all claims that were false, unsubstantiated, and never raised previously. Neither of Plaintiff's children, ages 13 and 14, had ever made such statements to school administrators, teachers, or support staff. At no point did either student report or suggest that these allegations were true. The children were never interviewed or consulted prior to the report being made, and there was no factual basis to support the claims presented to DCF. of allowing physical abuse, forcing her child to wear long sleeves to hide bruises, exposing him to cannabis, and denying him medication and or giving him wrong medication against Dr Orders, all claims that were false, unsubstantiated, and never raised previously.

16. A home inspection and full investigation concluded with no findings of abuse or neglect.
17. Plaintiff and her family were publicly humiliated by the arrival of a DCF investigator and four uniformed Boynton Beach police officers at their home.
18. Following the incident, Plaintiff informed the school that her children were too traumatized to return and requested academic assignments and learning accommodations from twelve teachers, covering both children's classes. Plaintiff also included administrative and support staff in the request: Lisa Klein (Assistant Principal), George Groezinger (Principal), Najwa Powers (School-Based Team), Farheen Jenkins (9th Grade Counselor), Stacy Smith (Counselor), Summer Parrbochinno (Palm Beach Charter Schools), and Michael Amendola (Assistant Principal). Only one teacher, Matthew Pica (7th Grade Civics), responded. Plaintiff clearly communicated that the children were afraid to return to school out of fear of being taken away and not being allowed to return home based on the false abuse allegations. Plaintiff emphasized that the family's previous CPS involvement in Texas over a decade ago has had lasting psychological impacts on the children, which both school administrators and treating mental health professionals acknowledged as a contributing factor to their current disabilities and emotional regulation difficulties.
19. The school's failure to support the children, after having triggered this trauma, forced Plaintiff to relocate her child to another state. Additionally, the fact that school administrators were willing to file a knowingly false report with the Florida Department of Children and Families—without hesitation or fear of consequences—has deepened Plaintiff's fear that her son would not be safe if he remained in the school. The boldness of this action sent a chilling message not only within the school but also across the broader Palm Beach school district,

reinforcing Plaintiff's belief that retaliation against disabled students and their families would be tolerated. As a result, Plaintiff's children have remained out of school for nearly a week due to ongoing trauma and fear of being unjustly removed from their home again., after having triggered this trauma, forced Plaintiff to relocate her child to another state.

20. The retaliation by Defendants Lisa Klein and George Groezinger, acting in their administrative capacities, directly caused emotional distress, reputational harm, and educational disruption.

---

## III. CAUSES OF ACTION

### COUNT I – RETALIATION UNDER 42 U.S.C. § 1983 (First Amendment)

21. Plaintiff re-alleges and incorporates paragraphs 1–20.
22. Plaintiff engaged in constitutionally protected advocacy on behalf of her disabled child.
23. Defendants Klein and Groezinger, acting under color of state law, retaliated against Plaintiff by initiating or authorizing a knowingly false DCF report.
24. Plaintiff was harmed by the resulting investigation and reputational damage.

### COUNT II – VIOLATION OF SUBSTANTIVE DUE PROCESS (Fourteenth Amendment)

25. Plaintiff re-alleges and incorporates paragraphs 1–24.
26. Defendants arbitrarily interfered with Plaintiff's rights to care for and protect her child.
27. The DCF report was baseless and filed in retaliation for protected advocacy, violating Plaintiff's right to familial integrity.

### COUNT III – DENIAL OF FAPE UNDER SECTION 504 (Plaintiff Individually)

28. Plaintiff re-alleges and incorporates paragraphs 1–27.
29. Defendant Somerset Academy Canyons, Inc. is a recipient of federal financial assistance and is directly subject to the requirements of Section 504 of the Rehabilitation Act.

30. Defendant Somerset Academy Canyons, Inc., through its policies, practices, and failure to act, denied the student meaningful access to a free appropriate public education (FAPE), and failed to provide necessary accommodations despite knowledge of the student's disabilities.
31. In retaliation for Plaintiff's advocacy on behalf of her disabled child, Somerset, acting through its administrators, contributed to a hostile and unsafe educational environment that caused both academic harm to the student and emotional distress to Plaintiff.
32. As a result, Plaintiff was forced to remove her child from the school, relocate, and endure personal harm as the child's advocate and primary caregiver.
33. Defendant Somerset is liable under Section 504 for its failure to ensure FAPE, for allowing retaliation by staff, and for violating Plaintiff's right to participate in her child's education without interference or intimidation.
34. Defendants failed to provide appropriate educational services and retaliated against Plaintiff for asserting her child's rights.
35. Defendants' actions created a hostile environment and denied access to a free appropriate public education.

## COUNT IV – DEFAMATION UNDER FLORIDA LAW

31. Plaintiff re-alleges and incorporates paragraphs 1–30.
32. Defendants Lisa Klein and George Groezinger knowingly or recklessly caused the dissemination of false allegations to the Florida Department of Children and Families.
33. These statements were defamatory per se because they imputed criminal and abusive behavior to Plaintiff as a parent.
34. The statements were made with actual malice or with reckless disregard for their truth.
35. As a result, Plaintiff suffered emotional distress, reputational harm, and intrusion by law enforcement and child welfare authorities.

## COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

36. Plaintiff re-alleges and incorporates paragraphs 1–35.
37. Defendants' conduct in initiating or endorsing a false and retaliatory child abuse report was extreme, outrageous, and beyond the bounds of decency in a civilized society.

38. The conduct was intended to cause, or recklessly disregarded the likelihood of causing, Plaintiff severe emotional distress.
39. As a direct and proximate result, Plaintiff suffered emotional trauma, anxiety, public humiliation, reputational harm, and disruption of family life.

### COUNT VI – NEGLIGENT AND/OR RECKLESS INFLICTION OF EMOTIONAL DISTRESS

40. Plaintiff re-alleges and incorporates paragraphs 1–39.
41. Defendants had a duty not to subject Plaintiff to extreme emotional distress through the abuse of their administrative power.
42. Defendants acted with reckless disregard in triggering a DCF investigation through false and malicious allegations, knowing the emotional and reputational damage it would cause.
43. As a direct result, Plaintiff endured anxiety, trauma, and a loss of trust in educational institutions, constituting a legally cognizable injury.

### IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

- Award compensatory damages in an amount to be determined at trial;
- Award punitive damages against Defendants Klein and Groezinger for retaliatory and malicious conduct;
- Award reasonable costs and attorney's fees (if applicable);
- Grant such other and further relief as the Court deems just and proper.

### V. JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

**Respectfully submitted,**
**Jasma Simmons**
Pro Se Plaintiff
2805 SW 9th Street
Boynton Beach, FL 33435
Simmonsmjasma@gmail.com
346-304-5501
May 1, 2025